**F I L E D**
CLERK, U.S. DISTRICT COURT

12/10/2025

CENTRAL DISTRICT OF CALIFORNIA
BY: _____asi_____ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

March 2025 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA, | ED CR No. 5:25-cr-00377-KK |
| Plaintiff, | I N D I C T M E N T |
| v. | [21 U.S.C. § 841(a)(1), (b)(1)(A)(vi): Possession with Intent to Distribute Fentanyl; 21 U.S.C. § 841(a)(1), (b)(1)(B)(v) and (viii): Possession with Intent to Distribute LSD and Methamphetamine; 21 U.S.C. § 841(a)(1), (b)(1)(C): Possession with Intent to Distribute Controlled Substances; 21 U.S.C. § 841(a)(1), (b)(1)(E)(i): Possession with Intent to Distribute Ketamine; 21 U.S.C. § 841(a)(1), (b)(2): Possession with Intent to Distribute Alprazolam; 18 U.S.C. § 924(c)(1)(A)(i), (c)(1)(B)(i): Possession of Firearms in Furtherance of Drug Trafficking Crimes; 26 U.S.C. § 5861(d): Possession of Unregistered Firearms; 18 U.S.C. § 924(d)(1), 21 U.S.C. § 853, 26 U.S.C. § 5872, and 28 U.S.C. § 2461(c): Criminal Forfeiture] |
| ROBERT MICHAEL HARPER-VALENZUELA, | |
| Defendant. | |

The Grand Jury charges:

COUNT ONE

[21 U.S.C. § 841(a)(1), (b)(1)(A)(vi)]

On or about September 16, 2025, in Riverside County, within the Central District of California, defendant ROBERT MICHAEL HARPER-VALENZUELA knowingly and intentionally possessed with intent to distribute at least 400 grams, that is, approximately 1,513 grams, of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide (fentanyl), a Schedule II narcotic drug controlled substance.

COUNT TWO

[21 U.S.C. § 841(a)(1), (b)(1)(B)(v)]

On or about September 16, 2025, in Riverside County, within the Central District of California, defendant ROBERT MICHAEL HARPER-VALENZUELA knowingly and intentionally possessed with intent to distribute at least one gram, that is, approximately 4.1 grams, of a mixture and substance containing a detectable amount of lysergic acid diethylamide (LSD), a Schedule I controlled substance.

COUNT THREE

[21 U.S.C. § 841(a)(1), (b)(1)(B)(viii)]

On or about September 16, 2025, in Riverside County, within the Central District of California, defendant ROBERT MICHAEL HARPER-VALENZUELA knowingly and intentionally possessed with intent to distribute at least 50 grams, that is, approximately 224 grams, of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance.

COUNT FOUR

[21 U.S.C. § 841(a)(1), (b)(1)(C)]

On or about September 16, 2025, in Riverside County, within the Central District of California, defendant ROBERT MICHAEL HARPER-VALENZUELA knowingly and intentionally possessed with intent to distribute psilocybin, a Schedule I controlled substance.

COUNT FIVE

[21 U.S.C. § 841(a)(1), (b)(1)(C)]

On or about September 16, 2025, in Riverside County, within the Central District of California, defendant ROBERT MICHAEL HARPER-VALENZUELA knowingly and intentionally possessed with intent to distribute hydrocodone, a Schedule II narcotic drug controlled substance.

COUNT SIX

[21 U.S.C. § 841(a)(1), (b)(1)(C)]

On or about September 16, 2025, in Riverside County, within the Central District of California, defendant ROBERT MICHAEL HARPER-VALENZUELA knowingly and intentionally possessed with intent to distribute oxycodone, a Schedule II narcotic drug controlled substance.

COUNT SEVEN

[21 U.S.C. § 841(a)(1), (b)(1)(C)]

On or about September 16, 2025, in Riverside County, within the Central District of California, defendant ROBERT MICHAEL HARPER-VALENZUELA knowingly and intentionally possessed with intent to distribute morphine, a Schedule II narcotic drug controlled substance.

8

COUNT EIGHT

[21 U.S.C. § 841(a)(1), (b)(1)(C)]

On or about September 16, 2025, in Riverside County, within the Central District of California, defendant ROBERT MICHAEL HARPER-VALENZUELA knowingly and intentionally possessed with intent to distribute amphetamine, a Schedule II controlled substance.

COUNT NINE

[21 U.S.C. § 841(a)(1), (b)(1)(C)]

On or about September 16, 2025, in Riverside County, within the Central District of California, defendant ROBERT MICHAEL HARPER-VALENZUELA knowingly and intentionally possessed with intent to distribute 3,4-Methylenedioxymethamphetamine (MDMA), a Schedule I controlled substance.

COUNT TEN

[21 U.S.C. § 841(a)(1), (b)(1)(C)]

On or about September 16, 2025, in Riverside County, within the Central District of California, defendant ROBERT MICHAEL HARPER-VALENZUELA knowingly and intentionally possessed with intent to distribute cocaine, a Schedule II narcotic drug controlled substance.

COUNT ELEVEN

[21 U.S.C. § 841(a)(1), (b)(1)(C)]

On or about September 16, 2025, in Riverside County, within the Central District of California, defendant ROBERT MICHAEL HARPER-VALENZUELA knowingly and intentionally possessed with intent to distribute hydromorphone, a Schedule II narcotic drug controlled substance.

COUNT TWELVE

[21 U.S.C. § 841(a)(1), (b)(1)(C)]

On or about September 16, 2025, in Riverside County, within the Central District of California, defendant ROBERT MICHAEL HARPER-VALENZUELA knowingly and intentionally possessed with intent to distribute dimethyltryptamine, a Schedule I controlled substance.

COUNT THIRTEEN

[21 U.S.C. § 841(a)(1), (b)(1)(C)]

On or about September 16, 2025, in Riverside County, within the Central District of California, defendant ROBERT MICHAEL HARPER-VALENZUELA knowingly and intentionally possessed with intent to distribute methadone, a Schedule II narcotic drug controlled substance.

14

COUNT FOURTEEN

[21 U.S.C. § 841(a)(1), (b)(1)(E)(i)]

On or about September 16, 2025, in Riverside County, within the Central District of California, defendant ROBERT MICHAEL HARPER-VALENZUELA knowingly and intentionally possessed with intent to distribute ketamine, a Schedule III controlled substance.

15

COUNT FIFTEEN

[21 U.S.C. § 841(a)(1), (b)(2)]

On or about September 16, 2025, in Riverside County, within the Central District of California, defendant ROBERT MICHAEL HARPER-VALENZUELA knowingly and intentionally possessed with intent to distribute alprazolam, a Schedule IV controlled substance.

COUNT SIXTEEN

[18 U.S.C. § 924(c)(1)(A)(i)]

On or about September 16, 2025, in Riverside County, within the Central District of California, defendant ROBERT MICHAEL HARPER-VALENZUELA knowingly possessed the following firearms in furtherance of drug trafficking crimes, namely, Possession with Intent to Distribute N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide (fentanyl), in violation of Title 21, United States Code, Section 841(a)(1), (b)(1)(A)(vi), as charged in Count One of this Indictment, Possession with Intent to Distribute Lysergic Acid Diethylamide (LSD), in violation of Title 21, United States Code, Section 841(a)(1), (b)(1)(B)(v), as charged in Count Two of this Indictment, Possession with Intent to Distribute Methamphetamine, in violation of Title 21, United States Code, Section 841(a)(1), (b)(1)(B)(viii), as charged in Count Three of this Indictment, and Possession with Intent to Distribute Controlled Substances, in violation of Title 21, United States Code, Section 841(a)(1), (b)(1)(C), (b)(1)(E)(i), and (b)(2), as charged in Counts Four through Fifteen of this Indictment:

1.    a Colt Python .357 magnum caliber revolver, bearing serial number PY296812;

2.    a green and black 12-gauge shotgun, bearing serial number H0013906;

3.    a Diamondback Firearms rifle, bearing serial number DB2944670;

4.    an Atlas Gunworks pistol, bearing serial number AL0855;

5.    a Sig Sauer P365 pistol, bearing serial number 66G586383;

6.    a Sig Sauer P226 pistol, bearing serial number SN47G024562;

17

7.    an FN 5.7 x 28 caliber pistol, bearing no legitimate serial number; and

8.    a Glock 23 pistol, bearing serial number CDDP651.

COUNT SEVENTEEN

[18 U.S.C. § 924(c)(1)(B)(i)]

On or about September 16, 2025, in Riverside County, within the Central District of California, defendant ROBERT MICHAEL HARPER-VALENZUELA knowingly possessed the following firearms, both of which were short-barreled rifles, in furtherance of drug trafficking crimes, namely, Possession with Intent to Distribute N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide (fentanyl), in violation of Title 21, United States Code, Section 841(a)(1), (b)(1)(A)(vi), as charged in Count One of this Indictment, Possession with Intent to Distribute Lysergic Acid Diethylamide (LSD), in violation of Title 21, United States Code, Section 841(a)(1), (b)(1)(B)(v), as charged in Count Two of this Indictment, Possession with Intent to Distribute Methamphetamine, in violation of Title 21, United States Code, Section 841(a)(1), (b)(1)(B)(viii), as charged in Count Three of this Indictment, and Possession with Intent to Distribute Controlled Substances, in violation of Title 21, United States Code, Section 841(a)(1), (b)(1)(C), (b)(1)(E)(i), and (b)(2), as charged in Counts Four through Fifteen of this Indictment:

1.   a black AR-15 style, 5.56 mm caliber short-barreled rifle, as defined by Title 18, United States Code, Section 921(a)(8), bearing no legitimate serial number and labeled with Riverside Police Department evidence no. JNS003; and

2.   a black AR-15 style, 5.56 mm caliber short-barreled rifle, as defined by Title 18, United States Code, Section 921(a)(8), bearing no legitimate serial number and labeled with Riverside Police Department evidence no. JNS004.

19

COUNTS EIGHTEEN AND NINETEEN

[26 U.S.C. § 5861(d)]

On or about September 16, 2025, in Riverside County, within the Central District of California, defendant ROBERT MICHAEL HARPER-VALENZUELA knowingly possessed the following firearms, each of which defendant HARPER-VALENZUELA knew to be a firearm and short-barreled rifle, as defined in Title 26, United States Code, Sections 5845(a)(3) and 5845(c), and which had not been registered to defendant HARPER-VALENZUELA in the National Firearms Registration and Transfer Record, as required by Chapter 53, Title 26, United States Code:

| COUNT | FIREARM |
|-------|---------|
| EIGHTEEN | a black AR-15 style, 5.56 mm caliber rifle, bearing no legitimate serial number and labeled with Riverside Police Department evidence no. JNS003, with a barrel length of approximately nine inches |
| NINETEEN | a black AR-15 style, 5.56 mm caliber rifle, bearing no legitimate serial number and labeled with Riverside Police Department evidence no. JNS004, with a barrel length of approximately nine inches |

FORFEITURE ALLEGATION ONE

[21 U.S.C. § 853; 18 U.S.C. § 924; 28 U.S.C. § 2461(c)]

1.    Pursuant to Rule 32.2(a) of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 21, United States Code, Section 853, Title 18, United States Code, Section 924, and Title 28, United States Code, Section 2461(c), in the event of the defendant's conviction of the offenses set forth in any of Counts One through Fifteen of this Indictment.

2.    The defendant, if so convicted, shall forfeit to the United States of America the following:

(a)  All right, title and interest in any and all property, real or personal, constituting or derived from, any proceeds which the defendant obtained, directly or indirectly, from any such offense;

(b)  All right, title and interest in any and all property, real or personal, used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of any such offense;

(c)  All right, title, and interest in any firearm or ammunition involved in or used in any such offense; and

(d)  To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraphs (a), (b), and (c).

3.    Pursuant to Title 21, United States Code, Section 853(p), and as incorporated by Title 28, United States Code, Section 2461(c), the defendant, if so convicted, shall forfeit substitute property if, by any act or omission of said defendant, the property described in the preceding paragraph, or any portion thereof: (a) cannot be

21

located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

FORFEITURE ALLEGATION TWO

[18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c)]

1.    Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 924(d)(1), and Title 28, United States Code, Section 2461(c), in the event of the defendant's conviction of the offenses set forth in Counts Sixteen and Seventeen of this Indictment.

2.    The defendant, if so convicted, shall forfeit to the United States of America the following:

(a)  All right, title, and interest in any firearm or ammunition involved in or used in the offenses; and

(b)  To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3.    Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), the defendant, if so convicted, shall forfeit substitute property, up to the value of the property described in the preceding paragraph if, as the result of any act or omission of said defendant, the property described in the preceding paragraph or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

23

FORFEITURE ALLEGATION THREE

[26 U.S.C. § 5872 and 28 U.S.C. § 2461(c)]

1.    Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 26, United States Code, Section 5872 and Title 28, United States Code, Section 2461(c), in the event of the defendant's conviction of the offenses set forth in any of Counts Eighteen and Nineteen of this Indictment.

2.    The defendant, if so convicted, shall forfeit to the United States of America the following:

(a)  All right, title, and interest in any firearm involved in any such offense; and

(b)  To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3.    Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), the defendant, if so convicted, shall forfeit substitute property, up to the value of the property described in the preceding paragraph if, as the result of any act or omission of the defendant, the property described in the preceding paragraph or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been

//

//

24

substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

A TRUE BILL

/S/

Foreperson

TODD BLANCHE
Deputy Attorney General

BILAL A. ESSAYLI
First Assistant United States
Attorney

ALEXANDER B. SCHWAB
Assistant United States Attorney
Acting Chief, Criminal Division

PETER DAHLQUIST
Assistant United States Attorney
Chief, Riverside Office

STEPHEN T. MERRILL
Special Assistant United States
Attorney
Riverside Office

25